CHAMBERLAIN MEDICINE CO. v. ELK DRUG CO.

(Supreme Court, Appellate Division, Third Department.   June 27, 1906.)

SALES—RETURN OF GOODS—ACQUIESCENCE OF VENDOR—LACHES.

Where defendant vendee returned to plaintiff vendor part of the goods purchased, together with a check, informing plaintiff that such check was intended to balance the account in full, and plaintiff accepted the check, giving defendant all other credits claimed, except that for the goods returned, which were of a fixed value, but failed to inform defendant of its refusal to take back the returned goods until more than a month there-

after, such delay amounted to an acquiescence in the return of the goods, precluding recovery therefor.

Appeal from Trial Term, Broome County.

Action by the Chamberlain Medicine Company against the Elk Drug Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

This is an action to recover the balance of the purchase price of merchandise sold and delivered by the plaintiff to the defendant. The sale was made September 30, 1904, and amounted to $711. The terms of sale, which have been acquiesced in by both parties, provided that the purchase price should be subject to the following deductions, viz., the freight charges on the merchandise from Des Moines, Iowa, where the plaintiff has its place of business, to Binghamton in this state, the place of business of the defendant; 12 per cent. of the purchase price if paid within six months from the time of purchase; $50 for advertising the sale of the merchandise by the defendant; and an allowance for certain broken packages of goods. April 22, 1905, the defendant returned to the plaintiff a portion of said merchandise, amounting to $430.34. At the same time the defendant sent the plaintiff a letter, inclosing a memorandum of such returned goods. which letter was as follows: "Inclosed herewith you will find our check in the sum of $116.41, intended to balance in full our account to date. You will note from the inclosed memorandum that we are returning the goods to the value of $430.34, also charging your account with discount $85.32, freight $28.64, ad. $50, and 29¢ for two wrappers returned herewith." Such letter also contained the check therein mentioned. The plaintiff, on the receipt of said letter, used said check, and immediately gave to the defendant all the credits claimed in said letter except for the goods returned. The plaintiff did not, however, inform the defendant of its refusal to take back the returned goods, and the defendant had no notice of the plaintiff's dissatisfaction with the liquidation of the account as proposed by the defendant until more than a month thereafter, when a clerk from the office of the plaintiff's attorneys called at the defendant's place of business, and informed the defendant for the first time that plaintiff would not receive the goods which had been returned. Such goods remained in the possession of the railroad company at Des Moines, Iowa. The amount which the plaintiff seeks to recover herein is the said sum of $430.34, being the exact amount of the goods which were returned by the defendant.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

T. B. & L. M. Merchant, for appellant.
Archibald Howard, for respondent.

COCHRANE, J. The plaintiff might have claimed that the defendant was not entitled to the discount on the purchase price of the merchandise because payment had not been made within six months, but such claim was waived by the plaintiff. It allowed all the credits claimed by the defendant except the sum of $430.34, being the amount of the returned merchandise. There was no dispute that this amount and also the amount of the check, aggregating $546.75, was due from the defendant to the plaintiff. The case, however, is not within the principle which applies where a debtor owing a conceded amount seeks to make payment by check for a less amount. The rules in reference to an accord and satisfaction, where a debtor seeks to liquidate a debt by the payment of a less amount, or in reference to the ordinary case of an account stated, have no application here. The defendant, con-

ceding an indebtedness of $546.75, sought to liquidate the same by returning property of a definite and fixed value for a portion of such indebtedness, and by giving a check for the whole of the balance thereof. This could only be done by the consent of the plaintiff that such property be returned. But such consent may be inferred from acquiescence or prolonged silence. The plaintiff was informed that the defendant had returned the property in question. It was also informed that the check for $116.41 was "intended to balance in full" the account. It accepted said check, and gave to the defendant all other credits claimed except the credit for the goods returned. It was its duty promptly and within a reasonable time to inform the defendant of its refusal to accept such goods, so that the defendant might take such steps as might be necessary to secure the return thereof to itself, or otherwise protect itself from loss or damage. What might have been the effect of retaining and using the check if the plaintiff had promptly notified the defendant of its refusal to accept the goods is not a question which is here involved. The trial court has found that the length of time during which the plaintiff omitted to make objection was unreasonable. This conclusion of the trial court was not an improper inference under the circumstances of this case, and concludes the plaintiff on this appeal. The plaintiff acquiesced for so long a time in the return of the merchandise that it must be deemed to have assented thereto.

The judgment should be affirmed, with costs. All concur.